UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shani Levi, | |
| Plaintiff, | Civil Action No. 1:10-cv-2066-SJ-JO |
| v. | |
| JP Morgan Chase & Co. a/k/a/ JP Morgan Chase Bank NA & Chase Investment Services Corp., | Document Electronically Filed |
| Defendants. | |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant JPMorgan Chase Bank, N.A. (incorrectly sued as "JP Morgan Chase & Co. a/k/a JP Morgan Chase Bank NA" and hereinafter referred to as "JPMC") and Defendant Chase Investment Services Corporation ("CISC") (collectively, "Defendants"), by and through their undersigned attorneys, Morgan, Lewis & Bockius LLP, hereby file their Answer and Defenses, responding, by corresponding numbers, to each of the numbered paragraphs in Plaintiff Shani Levi's Complaint.

### I. INTRODUCTION

1. Defendants admit that Plaintiff purports to bring this action under the laws set forth in Paragraph 1 of the Complaint.  Defendants deny, however, that:  (a) JPMC is a proper defendant to this action; (b) Plaintiff is entitled to any relief under any of the laws set forth in Paragraph 1 of the Complaint; and (c) Defendants engaged in any unlawful conduct.

## II. PARTIES

2. Defendants admit that, according to CISC's records, Plaintiff's last-known address is within the County of Richmond, State of New York. Defendants are without knowledge sufficient to form a belief as to the allegation regarding Plaintiff's current city and state of residence, and therefore deny the remaining allegations set forth in Paragraph 2 of the Complaint.

3. Defendants admit that JPMC is a federally chartered national banking association, that CISC is a Illinois corporation, and that both JPMC and CISC maintain offices in the State of New York. Defendants deny the remaining allegations set forth in Paragraph 3 of the Complaint.

## III. VENUE & JURISDICTION

4. Defendant avers that the allegations contained in Paragraph 4 of the Complaint call for legal conclusions to which no response is required.

5. Defendant avers that the allegations contained in Paragraph 5 of the Complaint call for legal conclusions to which no response is required.

6. Defendant avers that the allegations contained in Paragraph 6 of the Complaint call for legal conclusions to which no response is required.

## IV. BACKGROUND

7. Defendants admits JPMC is a national banking association and that CISC offers investment services. Defendants deny the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Defendants admit that Plaintiff was employed by CISC until September 2008, and deny the remaining allegations set forth in Paragraph 8 of the Complaint.

2

9. Defendants aver that testimony provided at an unemployment insurance hearing may not be used in any court action or proceeding under New York Labor Law Section 537 and, on that basis, deny the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants are without knowledge sufficient to form a belief as to Plaintiff's religious faith or practices and, on that basis, deny such allegations. Defendants deny the remaining allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

### V. CAUSES OF ACTION AND DEMAND FOR RELIEF

#### Count One: Violation of the Fair Labor Standards Act

13. Paragraphs 1-12 above are incorporated by reference as if fully set forth herein.

14. Defendants aver that the allegations set forth in Paragraph 14 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff was an employee of CISC and deny the remaining allegations set forth in Paragraph 14 of the Complaint.

15. Defendants aver that the allegations set forth in Paragraph 15 of the Complaint call for legal conclusions to which no response is required.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

#### Count II: Violation of New York Wage & Hour Law

17. Paragraphs 1-16 above are incorporated by reference as if fully set forth herein.

18. Defendants aver that the allegations set forth in Paragraph 18 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required,

Defendants admit that Plaintiff was an employee of CISC and deny the remaining allegations set forth in Paragraph 18 of the Complaint.

19. Defendants aver that the allegations set forth in Paragraph 19 of the Complaint call for legal conclusions to which no response is required.

20. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

Count III: Violation of the New York City Human Rights Law

21. Paragraphs 1-20 above are incorporated by reference as if fully set forth herein.

22. Defendants aver that the allegations set forth in Paragraph 22 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants admit that they employed more than four employees and deny the remaining allegations set forth in Paragraph 22 of the Complaint.

23. Defendants aver that the allegations set forth in Paragraph 23 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff worked for CISC in the City of New York and deny the remaining allegations set forth in Paragraph 22 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief in this action.

**GENERAL DENIAL**

Defendants deny each and every allegation in the Complaint that has not otherwise been specifically admitted or denied herein.

**DEFENSES**

1. Plaintiff's Complaint fails, in whole or in part, to allege sufficient ultimate facts upon which relief can be granted, and, accordingly, must be dismissed.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

3. Some or all of Plaintiff's claims are subject to mandatory arbitration.

4. Plaintiff is not entitled to overtime compensation because he was exempt from the overtime provisions of the Fair Labor Standards Act under one or more exemptions, or combination of exemptions, including but not limited to the administrative, executive, professional, outside sales, highly compensated employee, and/or 29 U.S.C. § 207(i).

5. Plaintiff is not entitled to overtime compensation because he was exempt from the overtime provisions of the New York Labor Law under one or more exemptions, or combination of exemptions, including but not limited to the administrative, executive, professional, and/or outside sales.

6. Plaintiff's claims under New York law are barred because the regulation purporting to create overtime law is invalid and unconstitutional.

7. Any failure to pay Plaintiffs overtime wages was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor and/or the New York administrative agency.

8. If Defendant's failure to pay overtime was unlawful, although such is not admitted, Defendant had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

9. If Defendant's failure to pay Plaintiff overtime wages was unlawful, although such is not admitted, none of Defendant's actions or omissions constitutes a willful violation of the Fair Labor Standards Act or state law.

10. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

11. Plaintiff's claims, or some of them, are barred in whole or in part by his unclean hands and/or inequitable or wrongful conduct.

12. Damages, if any, sustained by Plaintiff were solely and proximately caused by Plaintiff's own negligent, reckless, or intentional conduct.

13. Plaintiff's monetary claims are barred, in whole or in part, because he has not appropriately or adequately mitigated his damages, if any.

14. Although Defendants deny any wrongdoing, Plaintiff's claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent discriminatory behavior and Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendants or to otherwise avoid harm.

15. Punitive damages are unavailable against Defendants because Defendants made a good faith effort to comply with the law and Plaintiff's allegations describe facts allegedly undertaken by persons for whom Defendants cannot be liable for punitive damages and which do not rise to the level required for punitive damages under applicable law.

16. Defendants reserve the right to assert additional defenses as Plaintiffs' claims are clarified in the course of this litigation

**WHEREFORE**, Defendants demand judgment as follows:

A. Dismissing Plaintiff's Complaint in its entirety.

B. Granting Defendants their costs, disbursements, and attorneys' fees incurred in this action; and

C. Granting such other and further relief as the Court deems just and proper.

By /s/ Thomas A. Linthorst
Thomas A. Linthorst
MORGAN, LEWIS & BOCKIUS, LLP
502 Carnegie Center
Princeton, New Jersey 08540-6241
Telephone: (609) 919-6642

*Counsel for Defendants*

Dated: July 9, 2010

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 9, 2010, Defendants' Answer and Defenses to Plaintiff's Complaint was filed electronically. Notice of the filing will be sent by email to Plaintiff by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

      /s/ Thomas A. Linthorst